IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

DAVID ARTHUR McMANNIS					PLAINTIFF

   v.     Civil No. 08-5224

BENTON COUNTY DETENTION CENTER;
JERREME REECE, Inmate, Benton County
Detention Center; CAPTAIN HUNTER
PETRAY, Commander of the Jail, Benton County
Detention Center; and GUARD MONROE,
Benton County Detention Center				DEFENDANTS

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

David Arthur McMannis, an inmate in the Benton County Detention Center (BCDC), brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. His complaint was filed *in forma pauperis* (IFP) and it is now determined whether it should be served upon the defendants.

**I. Background**

McMannis alleges that on around August 1, 2008, Jerreme Reece, McMannis' cell-mate, stated to the guards that he was going to beat McMannis up at dinner time. According to McMannis, despite Reece's threats the guards refused to remove him from the cell. An hour later at medication call, McMannis states he got out of the cell and begged to be moved. McMannis was placed back in the cell. A short time later, McMannis states Reece beat him knocking out two of his front teeth, shattering his nose, injuring his eye, and causing multiple other injuries. One of the guards who was warned according to McMannis was Guard Monroe.

McMannis also maintains that on multiple occasions he has not received his prescribed medication. Although he has written grievances about the situation, he states Captain Petray has done nothing to correct the problems with medication distribution.

## II. Discussion

Two of McMannis' claims are subject to dismissal. First, McMannis' claims against the Benton County Detention Center are subject to dismissal. The detention center is a building and not a person or a legal entity subject to suit under § 1983. *See e.g., Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992)("[s]heriff's departments and police departments are not usually considered legal entities subject to suit"); *Powell v. Cook County Jail*, 814 F. Supp. 757 (N.D. Ill. 1993)(jail not subject to suit); *Marsden v. Fed. Bureau of Prisons*, 856 F. Supp. 832, 836 (S.D.N.Y. 1994)("jail is not an entity that is amenable to suit"); *In re Scott County Master Docket*, 672 F. Supp. 1152, 1163 n. 1 (D. Minn. 1987)(sheriff's department is not a legal entity subject to suit), *aff'd*, *Myers v. Scott County*, 863 F.2d 1017 (8th Cir. 1989).

Second, McMannis' claims against Jerreme Reece, the inmate who beat him up, are subject to dismissal. A § 1983 complaint must allege that each defendant, acting under color of state law, deprived plaintiff of "rights, privileges or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983. "Section 1983 secures most constitutional rights from infringement by governments [or individuals employed by governmental entities], not private parties." *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588 (8th Cir. 2004). A private individual does not act under color of law. *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 536 (8th Cir. 1999).

AO72A
(Rev. 8/82)

### III.  Conclusion

I therefore recommend that McMannis' claims against the Benton County Detention Center and Jerreme Reece be dismissed on the grounds that the claims are frivolous and fail to state claims. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii)(IFP action, or any portion thereof, may be dismissed on such grounds at any time).  However, we note that service of the complaint on Captain Hunter Petray and Guard Monroe will be directed by separate order.

**McMannis has ten days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  McMannis is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 5th day of November 2008.

/s/ *J. Marschewski*
   HON. JAMES R. MARSCHEWSKI
   UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)